UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK WEBSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ACTING BY AND THROUGH ) | |
| MARION VA MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR MEDICAL NEGLIGENCE

NOW COMES the Plaintiff, Patrick Webster, by and through his attorney, Mark S. Johnson of Johnson, Schneider & Ferrell, L.L.C., and for his Complaint for Medical Negligence against the Defendant, United States of America acting by and through Marion VA Medical Center, states as follows:

1. That Plaintiff is a resident and citizen of Cairo, Illinois, which is located in Alexander County, Illinois.

2. This medical negligence action arises under the Federal Tort Claims Act (FTA) 28 USC Section 2671, et seq.

3. This Court is vested with jurisdiction under the provisions of 28 USC Section 1346(b).

4. That venue is proper in this jurisdiction because Plaintiff resides in this district and the acts complained of against the Defendant occurred within this district. See 28 USC 1402(b).

5. Plaintiff timely filed standard form 95 with the US Department of Veterans Affairs Office of General Counsel in Washington, D.C. on or about September 27, 2016, attached hereto as Exhibit A. The Defendant denied Plaintiff's claim on April 3, 2017.

6. That from January 2016 through May 2016, Defendant managed, maintained, controlled and operated the Marion VA Medical Center located in Marion, Illinois.

7. That from January 2016 through May 2016, the Plaintiff was being treated by the doctors, physician assistants, nurses and other agents and employees of the Defendant's Marion VA Medical Center.

8. That prior to January 2016, the Plaintiff had been receiving care from the Defendant's Marion VA Medical Center from Dr. Michael Prior for cardiology issues and from Dr. Dayal for his general medical issues, which included a referral to Dr. Zellmer for the intended excision of minor skin lesion of basal cell carcinoma.

9. That Plaintiff consulted with Dr. Dayal from January 2016 through May 2016 regarding the intended excision of minor skin lesion by Dr. Zellmer and was ordered by Dr. Dayal to stop his anticoagulant therapy by stopping the aspirin regimen on January 24, 2016 and the cessation of Clopridogrel (Plavix) on January 28, 2016 for the intended excision of minor skin lesion on February 2, 2016.

10. That from January 2016 to May 2016, Dr. Dayal, Dr. Zellmer and Dr. Prior were agents, apparent agents and/or employees of the Defendant's Marion VA Medical Center.

11. That from January 2016 to May 2016 and at all other relevant times herein, Dr. Dayal, Dr. Zellmer and Dr. Prior were acting within the scope of their agency and/or employment with Defendant's Marion VA Hospital in providing the care and treatment of the Plaintiff.

12. That from January 2016 to May 2016 and at all other relevant times herein, the Defendant, by and through its agents and employees that include Dr. Dayal, committed one or more of the following negligent acts or omissions to act in the care of Plaintiff:

(a) Wrongly took Patrick Webster off of anticoagulant therapy of aspirin and Clopridogrel (Plavix) prior to an excision of minor skin lesion of basal cell carcinoma by the VA Hospital's dermatologist, Dr. Zellmer;

(b) Failed to obtain a consultation on Patrick Webster from his dermatologist and cardiologist before taking him off the anticoagulant therapy prior to an excision of minor skin lesion of basal cell carcinoma by the VA Hospital's dermatologist, Dr. Zellmer;

13. That one or more of the foregoing negligent acts or omissions of the Defendant's agents or employees was a cause that, in the ordinary and natural course of events, resulted in Plaintiff suffering that produced an acute intracoronary stent occlusion with acute STEMI with shock which in turn caused the Plaintiff to suffer severe and permanent injuries, that included damage to his heart and pain and suffering; hindered and prevented the Plaintiff from tendering to his usual duties;

deprived the Plaintiff the loss of value of that time and income; has required Plaintiff to expend and become liable for large sums of money for medical care and services.

14. That the relevant medical records for Plaintiff's care and treatment and the subsequent care to address his acute coronary occlusion by Saint Francis Medical Center in Cape Girardeau, Missouri, has been reviewed by a physician knowledgeable in the relevant issues and who practices in the same specialty as the Defendant's physicians who has determined there is a reasonable meritorious cause of action as shown in the attached copy of the Affidavit of Plaintiff's attorney.

WHEREFORE, the Plaintiff, Patrick Webster, hereby demands judgment against the Defendant, United States of America, and for the sum of Three Million Dollars ($3,000,000.00) and for her cost of suit.

JOHNSON, SCHNEIDER & FERRELL, L.L.C.

/s/ Mark S. Johnson
MARK S. JOHNSON

MARK S. JOHNSON
JOHNSON, SCHNEIDER & FERRELL, L.L.C.
212 North Main Street
Cape Girardeau, MO  63701
Telephone: 573-335-3300
Facsimile: 573-335-1978
www.johnsonschneider.com